UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>BRET ALAN HUMPHRIES,<br><br>    Defendant | Case No.: 2:14-cr-00279-APG-VCF<br><br>**Order Denying Motion to Vacate Sentence**<br><br>[ECF No. 273] |

Bret Alan Humphries was convicted of receipt or distribution of child pornography and is serving a 210-month sentence. He filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his conviction. ECF No. 273. He contends his trial counsel was ineffective for a variety of reasons, from the inception of representation through appeal. ECF No. 279 at 2. But Humphries has not shown that his counsel's performance was deficient or that Humphries suffered prejudice as a result. I therefore deny the motion.

**ANALYSIS**

A federal prisoner may move to vacate, set aside, or correct a sentence "imposed in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). It is a "well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To prevail under § 2255 on an ineffective assistance of counsel claim, Humphries must establish (1) his counsel's performance was deficient, and (2) that deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, Humphries must show his attorney's performance fell "below an objective standard of reasonableness." *Id.* at 688. I apply a "strong presumption that counsel's representation was

within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quotation omitted).  It is not enough for Humphries to show his attorney deviated from best practices or common custom, but rather he must establish that counsel's errors were so serious that he was no longer "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.  I evaluate the alleged error from counsel's perspective at the time of the conduct, considering the "wide latitude counsel must have in making tactical decisions." *Id.* at 689.

To establish the prejudice prong of *Strickland*, Humphries must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  In that regard, I note that on appeal the Ninth Circuit found that "[t]he government presented overwhelming evidence that Humphries received child pornography, which was sufficient to sustain his conviction." ECF No. 267 at 4.

Humphries' motion alleges several reasons why his counsel was ineffective.[1]  I will consider each allegation separately and then combined for their cumulative effect.

1. <u>Counsel lacked sufficient comprehension.</u>

Humphries alleges that his counsel, Thomas Ericsson, "lacked sufficient comprehension of intrinsic intricacy salient to Information Technology . . . offenses." ECF No. 273 at 5.  He clarifies this in his reply by saying Ericsson "had little or no understanding of how computers or

---

[1] Humphries' seventh allegation is that his trial counsel "failed to suppress and challenge evidence located in unallocated harddrive (sic) space." ECF No. 273 at 10.  The Government pointed out in its response that Humphries' counsel moved *in limine* to exclude evidence located in unallocated space on the subject computer. ECF No. 276 at 10.  In his reply, Humphries conceded this point and withdrew this allegation.  Thus, I do not consider it.

2

the Internet work," which prevented Ericsson "from investigating, preparing and presenting a defense . . . ." ECF No. 279 at 3, 4.

The allegations in Humphries' motion are conclusory, offering no factual support. He attempts to correct this in his reply by offering examples of investigations he feels Ericsson should have conducted. *Id*. at 4-5. But these few additional allegations are belied by the record. Ericsson stated during trial that he "personally [has] some experience in downloading programs with a computer, but [he is] by no means a computer expert." ECF No. 258 at 150. To overcome any potential lack of expertise, Ericsson hired an Information Technology expert (Leon Mare), who investigated the case and sat in on most of the trial to assist Ericsson. And as the Government points out, Ericsson "most certainly did present a defense," including participating in voir dire, cross-examining witnesses, and presenting a case-in-chief and closing argument. ECF No. 276 at 5 n.1 (simplified).

While Humphries disagrees with Ericsson's decisions about how to prepare for and conduct the trial, "counsel is typically afforded leeway in making tactical decisions regarding trial strategy." *United States v. Gerrans*, No. 20-10378, 2022 WL 73051, at *3 (9th Cir. Jan. 7, 2022) (Baker, J., concurring), cert. denied, 143 S. Ct. 174 (2022) (simplified). As discussed below, Ericsson and his expert reviewed the Government's forensic report and investigated the subject computers. Having sat through the trial, I find that Ericsson's performance was not constitutionally deficient. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion . . . ."); *United States v. Hafoka*, 312 F. App'x 77 (9th Cir. 2009) (A district judge has the discretion to rely on the record and "the judge's own notes and recollection of the trial and common sense."). Humphries' allegations do not satisfy the heavy burden of *Strickland*.

2.  Failure to review forensic analysis.

Humphries' motion contends that Ericsson did not allow Humphries to review the Government's forensic report or review it with his expert Leon Mare. ECF No. 273 at 5, 10. In his reply, Humphries expands on this by alleging that once he reviewed the report after the trial, he discovered "many serious discrepancies, which . . . Mare should have been able to locate, but didn't." ECF No. 279 at 8-9. He further contends that Ericsson did not have the report until one week before trial and "Mare either didn't review the report or he did so incompetently." *Id.* at 10. Humphries argues that had Ericsson and Mare allowed him to review the report, he could have pointed out these discrepancies and successfully impeached the Government's witnesses. *Id.* at 8-10.

Humphries' contentions are again belied by the record. More than a year before trial, at a July 24, 2017 hearing, Mare confirmed that he had reviewed the Government's report and the forensic imaging of the computer. *See* ECF No. 166 at 19, 25, 40-46. Mare's analysis of that report and the computer imaging formed the basis for a motion to compel that Ericsson filed and Magistrate Judge Ferenbach partially granted. *Id.* at 79-80. Mare sat at counsel table through most of the trial to assist Ericsson as needed. Ericsson's decision not to call Mare as a trial witness falls within the reasonable tactical decisions counsel are entitled to make. *Gerrans*, 2022 WL 73051, at *3. Humphries' allegations do not satisfy the *Strickland* standard.

3.  Failure to challenge evidence of jurisdiction.

Humphries next argues that "Ericsson, in closing argument, failed to challenge [the Government's] evidence establishing jurisdiction." ECF No. 273 at 10. In his reply, Humphries expands this to also allege that during the trial Ericsson failed to properly counter testimony from the Government's witness (Dennis Carry) about how internet traffic travels interstate. ECF No.

279 at 11-15.  Humphries focuses on Carry's testimony about accessing the internet from Carry's office in Reno, Nevada. ECF No. 258 at 164.  Humphries harps on this as proof that the Government offered no evidence of how internet traffic traveled from Humphries' house in Las Vegas. ECF No. 279 at 12.  Humphries ignores the full import of Carry's testimony:

> Question: [If] we're both on a file sharing program in the same building and we share a file, based on the Internet, and if one of us has CenturyLink,[2] based on CenturyLink's servers, would that file have to cross state lines?
>
> Answer: It would.  The – it's – it's what we call the Internet back -- backbone in the country.  There are limited single point data locations that only Internet traffic goes through, unless we're the military or potentially the state government who builds their own thing.  Everything else is going to go to the authentication servers and go to other locations throughout the Internet.  For example, when I test this, I test this in my own office.  I have Charter Internet and I -- one computer next to the other computer.  When I send any data, it goes through Texas, Dallas, and other locations every single time.  *The locations might vary, but it always goes to what we call the Internet backbone locations throughout the country* --
>
> Q: You were asked --
>
> A: *-- and Nevada is not one*.

ECF No. 258 at 163-64 (emphasis added).  Humphries complains that "Ericsson did not challenge the [Government's] evidence, which consisted solely of Carry's testimony." ECF No. 279 at 14.  But Humphries does not say what evidence could have been offered to show that

---

[2] Humphries had internet service through CenturyLink. *See* ECF No. 279 at 12.

internet service from his house did not travel interstate. Conclusory arguments like this are insufficient. *See Jackson v. Att'y Gen. of Nevada*, 268 F. App'x 615, 617 (9th Cir. 2008) ("Conclusory allegations that lack factual support . . . do not provide a sufficient basis for habeas relief.") (citation omitted).

Humphries further contends that Ericsson refused to read to the jury during closing argument a statement Humphries wrote saying "Det. Carry testified how the Internet works from his office, which is in Reno, Washoe County, not Las Vegas, Clark County. Since the Government presented no evidence or testimony of how the internet works in Las Vegas, they have not proven" that the images were transmitted in interstate commerce. ECF No. 279 at 13. Again, the record contradicts Humphries' allegation. While Ericsson did not read from Humphries' statement at closing, he argued nearly the same thing, saying that the Government offered no witness

> to establish beyond a reasonable doubt that the connection that was made between the law enforcement computer, allegedly, and the computers at the Humphries' house went outside of the state of Nevada. There is no evidence of where the -- any of these files originated from, outside of somebody else in Henderson or Las Vegas or Reno, that the downloads had been received on the computers from.

ECF No. 259 at 246. The jury obviously rejected this argument in finding Humphries guilty. Humphries has not shown that Ericsson's performance on this issue was deficient, let alone that he suffered any prejudice.

        4. <u>Failure to object to the Presentence Report and the sentencing enhancement.</u>

Humphries next challenges his sentence by complaining that "Ericsson wantonly failed to file Presentence Report objections submitted by Humphries." ECF No. 273 at 10. He also complains that "Ericsson wantonly failed to contest 2G2.2(b)(3)(F) sentencing guideline enhancements." *Id.*

6

But Ericsson did, in fact, object to and challenge that enhancement. At the sentencing hearing, Ericsson specifically objected to the § 2G2.2(b)(3)(F) enhancement. I and counsel for both parties had a lengthy discussion about it. *See* ECF No. 260 at 11-18.[3] I considered the objection and arguments and ultimately applied the enhancement. *Id.* at 17-18. Humphries' allegation does not establish deficient performance or prejudice and thus fails under *Strickland*.

    5. <u>Failure to present a defense.</u>

Finally, Humphries alleges that "Ericsson wantonly failed to present any tangible defense at trial such as constructive possession." ECF No. 273 at 10. He expands on this in his reply by vaguely asserting that Ericsson failed to "put forth a defense that was definite or understandable," "his questioning of witnesses was pointless," and his closing argument did not "tie it all together in a concise, focused conclusion." ECF No. 279 at 19-21.

Again, the record contradicts these allegations. During trial, Ericsson repeatedly demonstrated that other people had access to the apartment and computer and could have downloaded the child pornography onto the computer. *See*, *e.g.*, ECF No. 258 at 86 (other adults lived in the apartment); ECF No. 259 at 152-53 (same), 156-60 (multiple people accessed the computer), 189-90 (same). Ericsson reminded the jury at closing about this testimony. ECF No. 259 at 244-45. The jury was apparently unmoved. Ericsson's efforts regarding a "constructive possession" defense were not deficient. Humphries' other allegations are too generic and conclusory to support a finding under *Strickland* that Ericsson's performance was deficient.

    6. <u>Even considered cumulatively, Ericsson's performance was not deficient.</u>

---

[3] Humphries declined the opportunity to speak at sentencing, when he could have raised this and any other objections or concerns about the Presentence Report. *See* ECF No. 260 at 35.

Humphries argues in his reply brief that all of his allegations, taken together, constitute deficient performance. ECF No. 279 at 2. "Multiple errors, even if harmless individually, may entitle a petitioner to habeas relief if their cumulative effect prejudiced the defendant." *Brown v. Uttecht*, 530 F.3d 1031, 1049 (9th Cir. 2008) (Reinhardt, J., dissenting) (citing *Mak v. Blodgett,* 970 F.2d 614, 622 (9th Cir.1992), *cert. denied,* 507 U.S. 951 (1993)).[4] As discussed above, I find no errors or deficient performance by Ericsson. And considering all of Humphries' allegations cumulatively, I do not find that Ericsson's performance was constitutionally deficient or prejudicial to Humphries. I therefore deny Humphries' motion to vacate his sentence.

**CERTIFICATE OF APPEALABILITY**

To appeal this order, Humphries must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To obtain this certificate, Humphries "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).

---

[4] *See also United States v. Tucker,* 716 F.2d 576, 595 (9th Cir. 1983) (holding that "the totality of counsel's errors and omissions" may support a finding of unfairness and prejudice); *Cooper v. Fitzharris,* 586 F.2d 1325, 1333 (9th Cir. 1978) (en banc) (holding that "prejudice may result from the cumulative impact of multiple deficiencies").

Reasonable jurists could not debate that Humphries has failed to show he is entitled to relief on his claims, which are contradicted by the record. I therefore deny him a certificate of appealability.

**CONCLUSION**

I THEREFORE ORDER that Humphries' motion to vacate his sentence **(ECF No. 273) is DENIED**.

I FURTHER ORDER the clerk of court to enter a separate civil judgment denying defendant Bret Alan Humphries' § 2255 motion. The clerk shall file this order and the civil judgment in this case and in the related civil case number 2:22-cv-1108-APG, and to close the civil case.

I FURTHER ORDER that a certificate of appealability is **DENIED**.

DATED this 24th day of February, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE